*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★     ★ ★ ★



# MEMORANDUM OPINION

No. 04-10-00463-CR

**IN RE** Jimmie **JACKSON**, Relator

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:    July 7, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On June 22, 2010, relator Jimmie Jackson filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his various pro se motions. With regard to all of relator's motions except the motion to dismiss appointed counsel, a criminal defendant is not entitled to hybrid representation; therefore, a trial court has no legal duty to rule on a pro se motion filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). With regard to relator's pro se motion to dismiss his appointed counsel, in order to obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so.

---

[1] This proceeding arises out of Cause No. 313840, 313841, 313842, 313843, styled *The State of Texas v. Jimmie Jackson*, pending in the County Court at Law No. 5, Bexar County, Texas, the Honorable Linda F. Penn presiding.

*In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Where, as here, a relator alleges that a trial court has failed to rule on a properly filed motion, he must show that he has asked the trial court to rule and the trial court has either refused to rule, or has failed to rule within a reasonable time. *See Barnes v. State*, 832 S.W.2d 424, 426-27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). In this case, the relator has not provided us with a record that shows that, after he filed his motion to dismiss appointed counsel, relator asked the trial court for a hearing and a ruling on his motion and the trial court refused to hold a hearing and to rule. *See id*. at 426. Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks. *Id*. Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH