MEMORANDUM OPINION

No. 04-06-00887-CV

IN RE Sie Joe LANN

Original Mandamus Proceeding (1)




PER CURIAM



Sitting: Alma L. López, Chief Justice

 Karen Angelini , Justice

 Rebecca Simmons , Justice



Delivered and Filed: January 19, 2007



PETITION FOR WRIT OF MANDAMUS DENIED

 On December 21, 2006, relator Sie Joe Lann filed a pro se petition for a writ of mandamus complaining of the trial court's
alleged failure to act on matters in the underlying cause numbers, including two DNA-testing motions, a venue motion, a
recusal motion, and a mandamus petition. For purposes of establishing that the trial court abused its discretion in failing to
rule on a motion, the relator must establish the trial court: (1) had a legal duty to perform a non-discretionary act, (2) was
asked to perform the act, and (3) failed or refused to do so. In re Molina, 94 S.W.3d 885, 886 (Tex. App.--San Antonio
2003, orig. proceeding). A trial court abuses its discretion only if the complained-of motion was properly filed, brought to
its attention, and it refuses to rule on the motion within a reasonable time. In re Chavez, 62 S.W.3d 225, 228-29 (Tex.
App.--Amarillo 2001, orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig.
proceeding). It is the relator's burden to provide this court with a record sufficient to establish his right to mandamus relief. 
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(j), 52.7(a). 

The Mandamus Record

 The mandamus petition before us references appeal number 04-06-00622-CV, a related matter filed in this court by Lann.
We take judicial notice of the record in 04-06-00622-CV, which contains Lann's venue motion filed with the district clerk
on August 10, 2006 and an order overruling Lann's recusal motion signed by the Honorable Fred Shannon on August 24,
2006. Attached to the mandamus petition are copies of Lann's DNA-testing motions and Lann's mandamus petition directed
to the trial court. 

Discussion

 The DNA-testing motions bear the district clerk's December 30, 2004 file-stamp. Thus, the record establishes these
motions were in fact filed. However, the record does not show that the foregoing motions were called to the trial court's
attention and that it failed or refused to rule on them. Similarly, the record does not show the venue motion was called to
the attention of the trial court and that it failed or refused to rule on it. The record further establishes an order has been
entered on Lann's recusal motion. As such, any complaint about the trial court's failure to rule on this motion is moot. 
Finally, nothing in the record indicates that Lann's mandamus petition was properly filed with the district clerk, brought to
the trial court's attention, and that the trial court failed or refused to rule on it within a reasonable time. For these reasons,
this court has determined that Lann is not entitled to the relief sought. Accordingly, the petition is DENIED. Tex. R. App.
P. 52.8(a).

 PER CURIAM





1. This proceeding arises out of Cause Nos. 97-07-00030-CRL , 02-03-00010-CVL , and 02-04-00028-CVL, filed in the
81st Judicial District Court, La Salle County, Texas, the Honorable Donna S. Rayes presiding.