# NO. 12-09-00312-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE:* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *REGINALD DEAN* | | |
| | § | |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Reginald Dean, appearing pro se, complains of the Honorable Kerry L. Russell, Judge of the 7th Judicial District Court, Smith County, Texas. Dean seeks a writ of mandamus requiring the respondent to rule on certain postconviction "motions and attachements [sic]" filed on May 21, 2009.

According to the allegations in his petition, Dean was convicted of one count of indecency with a child. After serving eight years in prison, he was released on July 18, 2007, but is required to register as a sex offender for the rest of his life. On July 29, 2008, he took a polygraph examination at the request of the United States Probation Office,[1] and no deception was indicated. Based upon this finding, Dean filed various motions in the trial court, including a motion for an exemption from the registration requirement. He complains in this proceeding that, although the motions were filed on May 21, 2009, the trial court has failed to rule on any of them.

The act of considering and ruling on motions is a ministerial act, but generally mandamus will not issue to compel a trial court to rule a certain way on a motion. *See White v. Reiter*, 640 S.W.2d 586, 593–94 (Tex. Crim. App. 1982). A trial judge has a duty to consider and rule on motions within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court (1) had a legal duty to

---

[1] Dean is presently on federal probation, which he is scheduled to complete in September 2014.

perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). But a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Merely filing a motion with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *Id*. at 228. Therefore, it is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

Here, the cover letter attached to Dean's motions includes a request that the motions be filed and called to the court's attention. However, neither the mandamus petition nor the attachments show that this ever occurred. Consequently, Dean has not shown that the trial court was asked to rule on the motions, but failed or refused to do so. *See In re Molina*, 94 S.W.3d at 886. Therefore, we cannot say that the trial court abused its discretion in allegedly failing to act on the motions. *See In re Chavez*, 62 S.W.3d at 228. Accordingly, Dean's petition for writ of mandamus is *denied*, and all pending motions in this proceeding are overruled as moot.

**SAM GRIFFITH**
Justice

Opinion delivered November 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2