

# Court Of Appeals
## Fourth Court of Appeals District of Texas
### San Antonio

★ ★ ★     ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00550-CR

**IN RE** David **CEPEDA JONES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Rebecca Simmons, Justice

Delivered and Filed: August 18, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On July 27, 2010, relator David Cepeda Jones filed a petition for writ of mandamus, complaining of the trial court's removal of his previous counsel and the appointment of his new counsel.

However, in order to obtain a petition for writ of mandamus in a criminal proceeding, relator must establish: (1) the act sought to be compelled is ministerial rather than discretionary in nature, and (2) there is no adequate remedy at law. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). To establish an act sought to be compelled is ministerial, relator must demonstrate that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked

---

[1] This proceeding arises out of Cause No. 2009-CR-12902, *styled State of Texas v. David Cepeda Jones*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip Kazen presiding.

to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has merely alleged the trial court improperly removed his previous counsel and appointed him new counsel. Relator has failed to establish he has met any of the prerequisites necessary to be entitled to mandamus relief. *See In re Molina*, 94 S.W.3d at 886; *see also* TEX. R. APP. P. 52.7(a). Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH