**In re Juan Manuel MOLINA.**

**No. 04–02–00879–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 8, 2003.

Juan Manuel Molina, pro se.

Susan D. Reed, Criminal District Attorney, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

**886**

PER CURIAM.

On December 2, 2002, relator, Juan Manuel Molina, filed a petition for writ of mandamus alleging respondent had abused her discretion in failing to rule on his motions for forensic DNA testing filed on October 10, 2001 and August 7, 2002. Relator appears pro se. We have before us a motion for forensic DNA testing and relator's supporting affidavit. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp. 2002). However, we do not have a proper record that such motions were filed with the trial court.

 For purposes of establishing that the trial court has abused its discretion in failing to rule on a motion, the complainant must establish that the trial court: (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig. proceeding). A trial court is required to consider and rule upon a motion within a reasonable time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex.App.-San Antonio 2001) (orig. proceeding); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig. proceeding). When a motion is filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *See id.*

 We have no record which reflects that relator filed his motions on October 10, 2001 and August 7, 2002. Therefore, we have no basis to determine that the motions were properly brought to respondent's attention. *See Chavez*, 62 S.W.3d at 228 (stating filing with the district clerk does not impute knowledge of a motion to the trial court); *Bonds*, 57 S.W.3d at 457 (conditionally granting relator's petition for writ of mandamus where record re-

flected relator filed motion below and called the motion to trial court's attention on two occasions). Without such evidence, we cannot say that respondent abused her discretion by failing to act or rule on relator's motion. *See Chavez*, 62 S.W.3d at 228.

The court has considered relator's petition for writ of mandamus alleging the trial court abused its discretion by failing to rule on his motion for forensic DNA testing. This court has determined relator is not entitled to the relief sought. Accordingly, relator's petition for writ of mandamus is denied without prejudice to refiling a petition for writ of mandamus accompanied by a record demonstrating that relator filed his motions with the trial court and asked for a ruling on his motions. *See* TEX.R.APP. P. 52.8(a).