Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★                    ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00496-CR

**IN RE** Juan **RAMON, JR.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: September 23, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On August 12, 2009, relator Juan Ramon, Jr. filed a petition for writ of mandamus, seeking to compel the trial court to rule on his motion to enforce a court order, or in the alternative, motion for contempt. The motion relator seeks to enforce is the trial court's March 13, 2009 order granting relator's motion that sought the return of $148 that had previously been seized.[2] Relator now complains that the trial court has failed to rule on his motion to enforce the trial court's March 13, 2009 order.

---

[1] This proceeding arises out of Cause No. 2005-CR-2950, in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

[2] Prior to the trial court entering the March 13, 2009 order, relator filed a petition for writ of mandamus seeking to the compel the trial court to rule on relator's motion that sought the return of the $148. On April 8, 2009, this court issued an opinion in Cause Number 04-09-00136-CR, dismissing relator's petition for writ of mandamus as moot following the trial court's March 13, 2009 order.

To obtain a petition for writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court. Nor has relator established that the trial court has been made aware of his motion or has expressly refused to rule on it. *See In re Isbell*, No. 04-06-00558-CV, 2006 WL 3206075, at \*2 (Tex. App.—San Antonio November 8, 2006, orig. proceeding) (mem. op.).

In addition, the record indicates that on August 18, 2009 the trial court sent a letter to relator informing him that the proper procedure for him to follow is to take the March 13, 2009 order signed by the trial court to the agency that has custody of the $148.

Based on the foregoing, we conclude that relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is denied as moot.

PER CURIAM

DO NOT PUBLISH