Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00418-CV

**IN RE** Richard **PAYNE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed: June 23, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On May 28, 2010, relator Richard Payne filed a petition for writ of mandamus, seeking to compel the trial court to rule on his "Motion for Leave to File an Amended Complaint to Include More and Different Facts and for Reconsideration" and his request for findings of fact and conclusions of law.

However, in order to obtain a petition for writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a

---

[1] This proceeding arises out of Cause No. 07-12-00176-CVK, in the 218th Judicial District Court, Karnes County, Texas, the Honorable Stella Saxon presiding. However, the judgment was signed by the Honorable Ron Carr, visiting Judge.

properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motions or any other documents to show that a properly filed motion is pending before the trial court. Nor has relator established that the trial court has been made aware of his motions or has expressly refused to rule on them. *See In re Isbell*, No. 04-06-00558-CV, 2006 WL 3206075, at *2 (Tex. App.—San Antonio November 8, 2006, orig. proceeding) (mem. op.). Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED AS MOOT.

PER CURIAM