•           •           • 
 • • •




MEMORANDUM OPINION
 
No. 04-10-00418-CV

IN RE Richard PAYNE

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: June 23, 2010

PETITION FOR WRIT OF MANDAMUS DENIED  
            On May 28, 2010, relator Richard Payne filed a petition for writ of mandamus, seeking to
compel the trial court to rule on his “Motion for Leave to File an Amended Complaint to Include
More and Different Facts and for Reconsideration” and his request for findings of fact and
conclusions of law.
            However, in order to obtain a petition for writ of mandamus compelling the trial court to
consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to
perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. 
In re Molina, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a
properly filed motion is pending before a trial court, the act of giving consideration to and ruling
upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. See 
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig.
proceeding). However, relator has the burden of providing this court with a record sufficient to
establish his right to mandamus relief. See Tex. R. App. P. 52.7(a) (“Relator must file with the
petition [ ] a certified or sworn copy of every document that is material to the relator’s claim for
relief and that was filed in any underlying proceeding”); see also Tex. R. App. P. 52.3(k)(1)(A);
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). 
            Here, relator has not provided this court with a file stamped copy of his motions or any other
documents to show that a properly filed motion is pending before the trial court. Nor has relator
established that the trial court has been made aware of his motions or has expressly refused to rule
on them. See In re Isbell, No. 04-06-00558-CV, 2006 WL 3206075, at *2 (Tex. App.San Antonio
November 8, 2006, orig. proceeding) (mem. op.). Based on the foregoing, we conclude relator has
not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is
DENIED. Tex. R. App. P. 52.8(a). 
            Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus.
No leave is required to file a petition for a writ of mandamus in this court. Tex. R. App. P. 52. 
Therefore, relator’s motion for leave to file is DENIED AS MOOT. 
 
PER CURIAM