NO









NO. 12-10-00191-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: ANTHONY WAYNE WHITE,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 

 





MEMORANDUM
OPINION

            Relator
Anthony Wayne White complains that the trial court has failed to rule on his
motion to reinstate his involuntarily dismissed lawsuit.  He seeks a writ of
mandamus from this court requiring the trial court to set a date for hearing
and ruling on the motion to reinstate.

            To
obtain a writ of mandamus compelling the trial court to consider and rule on a
motion, a relator must establish that the trial court (1) had a legal duty to
perform a nondiscretionary act, (2) was asked to perform the act, and (3)
failed or refused to do so.  In re Molina, 94 S.W.3d 885, 886 (Tex.
App.–San Antonio 2003, orig. proceeding).  Generally, a trial court has a nondiscretionary
duty to consider and rule on a motion within a reasonable time.  In re
Thomas, No. 12-05-00261-CV, 2005 WL 2155244, at *4 (Tex. App.–Tyler
Sept. 7, 2005, orig. proceeding) (mem. op.).  

Here,
White alleges that he filed a document entitled “Motion to Reinstate” in the
trial court.  However, a motion to reinstate must sometimes be construed as a
motion for new trial.  See Casso v. City of McAllen, No. 13-08-00618-CV,
2009 WL 781863, at *2 (Tex. App.—Corpus Christi Mar. 26, 2009, pet. denied)
(holding that substance of verified motion to reinstate filed by appellant was
that of motion for new trial).  A trial court has no duty to rule on a motion
for new trial.  See Tex. R. Civ.
P. 329b(c) (motion for new trial not determined by written order signed
within seventy-five days after judgment signed to be considered overruled by
operation of law).  Therefore, to determine whether the trial court has a duty
to rule on White’s motion, we must review the substance of the motion.  But
White has not provided a copy of his motion.  See Tex. R. App. P. 52.4(k)(1)(A)
(requiring mandamus petition to be accompanied by appendix that includes
certified or sworn copy of any order complained of or any other document
showing the matter complained of).

Because
we have not been furnished a copy of White’s motion, we cannot determine
whether he is entitled to mandamus relief.  Accordingly, White’s petition for
writ of mandamus is denied.  

                                                                                                    
BRIAN HOYLE__    

                                                                                                             
Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)