# NO. 12-10-00175-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                              |   |                      |
|------------------------------|---|----------------------|
|                              | § |                      |
| *IN RE: ANTHONY WAYNE WHITE,* |   |                      |
| *RELATOR*                    | § | *ORIGINAL PROCEEDING* |
|                              | § |                      |

---

### *MEMORANDUM OPINION*

Relator Anthony Wayne White complains that the trial court has failed to rule on his motion to reinstate his involuntarily dismissed lawsuit. He seeks a writ of mandamus from this court requiring the trial court to set a date for hearing and ruling on the motion to reinstate.

To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12-05-00261-CV, 2005 WL 2155244, at *4 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.).

Here, White alleges that he filed a document entitled "Motion to Reinstate" in the trial court. However, a motion to reinstate must sometimes be construed as a motion for new trial. *See Casso v. City of McAllen*, No. 13-08-00618-CV, 2009 WL 781863, at *2 (Tex. App.—Corpus Christi Mar. 26, 2009, pet. denied) (holding that substance of verified motion to reinstate filed by appellant was that of motion for new trial). A trial court has no duty to rule on a motion for new trial. *See* TEX. R. CIV. P. 329b(c) (motion for new trial not determined by written order signed within seventy-five days after judgment signed to be considered overruled by operation of law). Therefore, to

determine whether the trial court has a duty to rule on White's motion, we must review the substance of the motion. But White has not provided a copy of his motion. *See* TEX. R. APP. P. 52.4(k)(1)(A) (requiring mandamus petition to be accompanied by appendix that includes certified or sworn copy of any order complained of or any other document showing the matter complained of).

Because we have not been furnished a copy of White's motion, we cannot determine whether he is entitled to mandamus relief. Accordingly, White's petition for writ of mandamus is ***denied***.

     **BRIAN HOYLE**
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)