•           •           • 
 • • •





                                                                                    MEMORANDUM OPINION
 
No. 04-10-00511-CR

IN RE Raymond DAVILA

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
 
Delivered and Filed: August 4, 2010 

PETITION FOR WRIT OF MANDAMUS DENIED  
            On July 9, 2010, relator Raymond Davila filed a petition for writ of mandamus, seeking to
compel the trial court to rule on his motion for forensic DNA testing. 
            To obtain a petition for writ of mandamus compelling the trial court to consider and rule on
a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. In re Molina,
94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed
motion is pending before a trial court, the act of giving consideration to and ruling upon that motion
is ministerial, and mandamus may issue to compel the trial judge to act. See Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig. proceeding). However, relator
has the burden of providing this court with a record sufficient to establish his right to mandamus
relief. See Tex. R. App. P. 52.7(a) (“Relator must file with the petition [ ] a certified or sworn copy
of every document that is material to the relator’s claim for relief and that was filed in any underlying
proceeding”); see also Tex. R. App. P. 52.3(k)(1)(A); Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992). 
            Here, relator has not provided this court with a file stamped copy of his motion or any other
documents to show that a properly filed motion is pending before the trial court. Nor has relator
established that the trial court has been made aware of his motion or has expressly refused to rule
on it. See In re Isbell, No. 04-06-00558-CV, 2006 WL 3206075, at *2 (Tex. App.San Antonio
November 8, 2006, orig. proceeding) (mem. op.). 
            Based on the foregoing, we conclude that relator has not shown himself entitled to mandamus
relief. Accordingly, the petition for writ of mandamus is denied. Tex. R. App. P. 52.8(a). 
PER CURIAM
DO NOT PUBLISH