•           •           • 
 • • •





MEMORANDUM OPINION
 
No. 04-10-00550-CR

IN RE David CEPEDA JONES

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
 
Delivered and Filed: August 18, 2010 

PETITION FOR WRIT OF MANDAMUS DENIED  
            On July 27, 2010, relator David Cepeda Jones filed a petition for writ of mandamus,
complaining of the trial court’s removal of his previous counsel and the appointment of his new
counsel. 
            However, in order to obtain a petition for writ of mandamus in a criminal proceeding, relator
must establish: (1) the act sought to be compelled is ministerial rather than discretionary in nature,
and (2) there is no adequate remedy at law. Dickens v. Second Court of Appeals, 727 S.W.2d 542,
548 (Tex. Crim. App. 1987). To establish an act sought to be compelled is ministerial, relator must
demonstrate that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked
to perform the act; and (3) failed or refused to do so. In re Molina, 94 S.W.3d 885, 886 (Tex.
App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial
court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus
may issue to compel the trial judge to act. See Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269
(Tex. App.San Antonio 1997, orig. proceeding). However, relator has the burden of providing
this court with a record sufficient to establish his right to mandamus relief. See Tex. R. App. P.
52.7(a) (“Relator must file with the petition [ ] a certified or sworn copy of every document that is
material to the relator’s claim for relief and that was filed in any underlying proceeding”); see also
Tex. R. App. P. 52.3(k)(1)(A); Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). 
            Here, relator has merely alleged the trial court improperly removed his previous counsel and
appointed him new counsel. Relator has failed to establish he has met any of the prerequisites
necessary to be entitled to mandamus relief. See In re Molina, 94 S.W.3d at 886; see also Tex. R.
App. P. 52.7(a). Accordingly, the petition for writ of mandamus is denied. Tex. R. App. P. 52.8(a). 
PER CURIAM
DO NOT PUBLISH