NO. 12-11-00036-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

JAMES ALLEN LEE,                                  §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

PER
CURIAM

            In
this original proceeding, Relator James Allen Lee seeks a writ of mandamus
requiring the trial court to rule on his motion for “Enforcement of Possessory
Rights and for Contempt.”  We deny the petition.

            To
obtain a writ of mandamus compelling the trial court to consider and rule on a
motion, a relator must establish that the trial court (1) had a legal duty to
perform a nondiscretionary act, (2) was asked to perform the act, and (3)
failed or refused to do so.  In re Molina, 94 S.W.3d 885, 886
(Tex. App.—San Antonio 2003, orig. proceeding).  Generally, a trial court has a
nondiscretionary duty to consider and rule on a motion within a reasonable
time.  In re Thomas, No. 12–05–00261–CV, 2005 WL 2155244, at *4
(Tex. App.—Tyler Sept. 7, 2005, orig. proceeding) (mem. op.).  But a trial court
cannot be expected to consider a motion not called to its attention.  See In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding).  Merely filing a motion with the district clerk does not impute
the clerk’s knowledge of the filing to the trial court.  Id. at
228.  Therefore, it is incumbent upon the relator to establish that the motion
has been called to the trial court’s attention.  See id.  

            The
record in this proceeding includes a copy of one letter from Lee to the
district clerk relating to the status of his motion.  However, we cannot
conclude from the record that Lee has requested a hearing on the motion or that
the trial court has otherwise been made aware of the motion.  Consequently, Lee
has not shown that he is entitled to mandamus relief.  See In re Chavez,
62 S.W.3d at 228.  Accordingly, Lee’s petition for writ of mandamus is denied.

Opinion delivered March 16, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)