# NO. 12-11-00064-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ROY EDWARD ADDICKS, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator Roy E. Addicks, Jr., complains that the Anderson County District Clerk has failed, after multiple requests, to effect service on certain defendants named in Addicks's amended original petition filed in trial court cause number 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. Addicks alleges further that when the district clerk refused to act, he notified the trial court in writing. When the trial court took no action, Addicks filed a motion for contempt against the district clerk. Addicks informs us that the trial court has failed to perform its ministerial duty to rule on his motion, and he seeks a writ of mandamus directing the trial court to rule. We deny the petition.

On December 29, 2008, Addicks sued six defendants in the 369th Judicial District Court of Anderson County, Texas. On May 26, 2009, Addicks filed an amended original petition in which he named twenty-one defendants, including the six defendants named in his original petition. On July 22, 2009, the trial court dismissed "the action of Plaintiff against Defendant . . . without prejudice." The caption of the order identifies the dismissed action as cause number 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, styled "John A. Rupert, et al." Rupert was the first defendant named in Addicks's original petition, but was named second in his amended original petition. Addicks contends here that "[a]s can be noted from [the order of dismissal], it was the original petition (Addicks v. Rupert, Et Al.) of which was dismissed." Consequently, Addicks contends that his amended original petition is still pending and that the trial court has a ministerial duty to rule on his motion for contempt against the district clerk.

Subject to certain exceptions not applicable here, parties may amend their pleadings without leave of court. *See* TEX. R. CIV. P. 63. "[A]mended pleadings and their contents take the place of prior pleadings." ***FKM P'ship, Ltd. v. Board of Regents of the Univ. of Houston Sys.***, 255 S.W.3d 619, 633 (Tex. 2008). When, as here, a plaintiff files his first amended petition, the original petition "shall no longer be regarded as a part of the pleading in the record of the cause[.] . . ." *See* TEX. R. CIV. P. 65. In other words, the original petition, in essence, no longer exists, and the first amended petition becomes the plaintiff's "live" pleading. *See id*.; ***Jordan v. Bustamante***, 158 S.W.3d 29, 35 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). Applying these rules to the facts before us, we conclude that Addicks's first amended petition was his live pleading on the date the trial court signed its dismissal order (July 22, 2009). We further conclude that the trial court's order dismissing "the action of Plaintiff against Defendant" was effective as to all parties named in Addicks's first amended petition. Therefore, Addicks's suit is no longer pending against any of the defendants.

To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. ***In re Molina***, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). A trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions." ***In re Colvin***, No. 12-11-00067-CR, 2011 WL 1542552, at *1 (Tex. App.–Tyler Apr. 20, 2011, orig. proceeding). Because we have concluded that Addicks's suit is no longer pending, we cannot agree with Addicks that the trial court has a duty to rule on Addicks's motions relating to the dismissed suit.

Because Addicks has not shown that the trial court has a duty to rule on his contempt motion, he cannot show that he is entitled to mandamus relief. Accordingly, Addicks's petition for writ of mandamus is ***denied***.

**BRIAN HOYLE**
Justice

Opinion delivered May 11, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2