NO. 12-11-00064-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

ROY EDWARD ADDICKS, JR.,                 §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

            Relator
Roy E. Addicks, Jr., complains that the Anderson County District Clerk has
failed, after multiple requests, to effect service on certain defendants named
in Addicks’s amended original petition filed in trial court cause number
XXX-XX-XXXX.  Addicks alleges further that when the district clerk refused to
act, he notified the trial court in writing.  When the trial court took no
action, Addicks filed a motion for contempt against the district clerk. 
Addicks informs us that the trial court has failed to perform its ministerial duty
to rule on his motion, and he seeks a writ of mandamus directing the trial
court to rule.  We deny the petition.

            On
December 29, 2008, Addicks sued six defendants in the 369th Judicial District
Court of Anderson County, Texas.  On May 26, 2009, Addicks filed an amended
original petition in which he named twenty-one defendants, including the six
defendants named in his original petition.  On July 22, 2009, the trial court
dismissed “the action of Plaintiff against Defendant . . . without prejudice.” 
The caption of the order identifies the dismissed action as cause number
XXX-XX-XXXX, styled “John A. Rupert, et al.”  Rupert was the first defendant
named in Addicks’s original petition, but was named second in his amended
original petition.  Addicks contends here that “[a]s can be noted from [the
order of dismissal], it was the original petition (Addicks v. Rupert, Et Al.)
of which was dismissed.”  Consequently, Addicks contends that his amended
original petition is still pending and that the trial court has a ministerial
duty to rule on his motion for contempt against the district clerk.  

            Subject
to certain exceptions not applicable here, parties may amend their pleadings
without leave of court.  See Tex.
R. Civ. P.  63.  “[A]mended pleadings and their contents take the place
of prior pleadings.”  FKM P’ship, Ltd. v. Board of Regents of the Univ.
of Houston Sys., 255 S.W.3d 619, 633 (Tex. 2008).  When, as here, a
plaintiff files his first amended petition, the original petition “shall no
longer be regarded as a part of the pleading in the record of the cause[.] . .
.”  See Tex. R. Civ. P. 65. 
In other words, the original petition, in essence, no longer exists, and the
first amended petition becomes the plaintiff’s “live” pleading.  See id.; Jordan v.
Bustamante, 158 S.W.3d 29, 35 (Tex. App.–Houston [14th Dist.] 2005,
pet. denied).  Applying these rules to the facts before us, we conclude that
Addicks’s first amended petition was his live pleading on the date the trial
court signed its dismissal order (July 22, 2009).  We further conclude that the
trial court’s order dismissing “the action of Plaintiff against Defendant” was
effective as to all parties named in Addicks’s first amended petition. 
Therefore, Addicks’s suit is no longer pending against any of the defendants.

            To
obtain a writ of mandamus compelling the trial court to consider and rule on a
motion, a relator must establish that the trial court (1) had a legal duty to
perform a nondiscretionary act, (2) was asked to perform the act, and (3)
failed or refused to do so.  In re Molina, 94 S.W.3d 885, 886
(Tex. App.—San Antonio 2003, orig. proceeding).  A trial court “does not have a
duty to rule on free-floating motions unrelated to currently pending actions.” 
In re Colvin, No. 12-11-00067-CR, 2011 WL 1542552, at *1 (Tex.
App.–Tyler Apr. 20, 2011, orig. proceeding).  Because we have concluded that
Addicks’s suit is no longer pending, we cannot agree with Addicks that the
trial court has a duty to rule on Addicks’s motions relating to the dismissed
suit.

            Because
Addicks has not shown that the trial court has a duty to rule on his contempt
motion, he cannot show that he is entitled to mandamus relief.  Accordingly,
Addicks’s petition for writ of mandamus is denied.

 

                                                                                                BRIAN HOYLE    

                                                                                   
  Justice

 

Opinion delivered May 11, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)