## NO. 12-11-00163-CV

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOHN CLOUD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator John Cloud petitioned the trial court for permission to appear before the Anderson County grand jury to present a complaint. The trial court denied the petition, and Relator filed a motion for reconsideration. The trial court has not ruled on the motion, and Relator seeks a writ of mandamus requiring the court to rule.

To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12-05-00261-CV, 2005 WL 2155244, at *4 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.).

Here, Relator's motion for reconsideration is, in essence, a motion for new trial. A trial court has no duty to rule on a motion for new trial. *See* TEX. R. CIV. P. 329b(c) (motion for new trial not determined by written order signed within seventy-five days after judgment signed to be considered overruled by operation of law). Because the trial court has no duty to rule on a motion for new trial, and Relator's motion for reconsideration is, in essence, a motion for new trial, Relator has not shown that he is entitled to mandamus relief. Accordingly, Relator's petition for writ of mandamus is ***denied***.

**SAM GRIFFITH**
Justice

Opinion delivered June 22, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)