Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-12-00659-CV

**IN RE** Ramuntu L. **FRANKLIN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Karen Angelini, Justice
    Sandee Bryan Marion, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  October 24, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On October 11, 2012, relator filed a petition for writ of mandamus, complaining the trial court has indefinitely postponed his suit.  However, in order to be entitled to mandamus relief, relator must establish the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so.  *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).  When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act.  *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).  However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an

---

[1] This proceeding arises out of Cause No. 10-01-00011-CVK, in the 81st Judicial District Court, Bexar County, Texas, the Honorable Donna S. Rayes presiding.

unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, relator asserts he filed a motion for summary judgment on May 2, 2011 that has never been ruled on, and he further complains that the trial court has indefinitely postponed his suit. However, relator has not provided this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Therefore, relator has failed to establish the trial court (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d at 886. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM