# NO. 12-16-00250-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RICHARD CALVIN GIPSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Richard Calvin Gipson filed a petition for writ of mandamus, in which he complains of the trial court's failure to rule on his motion for appointment of counsel. We deny the petition.

### BACKGROUND

Relator was convicted of intoxication manslaughter. He contends that the State used a falsified toxicology report to obtain the conviction. Relator sought appointment of an attorney to assist with his claims of actual innocence and ineffective assistance of counsel. According to Relator, the trial court has yet to rule on his motion for appointment of counsel.

### PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. The relator must also furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

## AVAILABILITY OF MANDAMUS

We first note that Relator has failed to file the record required by Texas Rule of Appellate Procedure 52.7(a)(1). *See id*. Moreover, to obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.—Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Merely filing a motion with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *Id*. It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*. In this case, Relator has not shown that he called the motion to the trial court's attention. Consequently, Relator has not established that mandamus is available for the trial court's failure to rule on his motion for appointment of counsel.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** his petition for writ of mandamus.

Opinion delivered October 21, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2016**

**NO. 12-16-00250-CR**

**RICHARD CALVIN GIPSON,**
Relator
V.
**HON. JACK SKEEN, JR.,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **RICHARD CALVIN GIPSON**, who is the defendant in Cause No. 241-0463-06, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on September 12, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*