# NO. 12-17-00144-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ANTHONY DORSETT PURVIS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator, Anthony Dorsett Purvis, files this original proceeding in which he complains of the trial court's failure to rule on his motion for DNA testing. We deny the petition.

### BACKGROUND

According to Relator, on January 12, 2017, he filed separate motions for DNA testing and appointment of counsel with the trial court. He states that, on February 2, he received a form for the appointment of counsel, which he completed and returned to the trial court. Relator maintains that he sent a letter to the court clerk on March 16, in which he inquired about the status of his motion for DNA testing, but has not received a response.

### PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. The relator must also furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

## AVAILABILITY OF MANDAMUS

We first note that Relator has failed to file the record required by Texas Rule of Appellate Procedure 52.7(a)(1), which requires that a relator file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." *Id*. Moreover, to obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*. (also noting that clerk's knowledge not imputed to trial court). In this case, Relator has not shown that he called his motion to the trial court's attention. Consequently, he has not established that mandamus relief is available for the trial court's failure to rule on his motion for DNA testing.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we *deny* Relator's petition for writ of mandamus.

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 24, 2017

NO. 12-17-00144-CR

**ANTHONY DORSETT PURVIS,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Anthony Dorsett Purvis; who is the relator in Cause No. 28141, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on May 12, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3