**DISMISS, and Opinion Filed May 29, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00524-CV**

**No. 05-19-00525-CV**

**IN RE DARIO MOLINA, Relator**

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-23109-R & F15-23232-R**

## MEMORANDUM OPINION
Before Justices Brown, Schenck, and Reichek
Opinion by Justice Schenck

In this original proceeding, relator seeks a writ of mandamus to compel the court reporter to provide him with a statement of the cost to prepare the reporter's record of his trial for use in a future application for writ of habeas corpus under article 11.07 of the code of criminal procedure. We lack jurisdiction over this original proceeding.

The court of criminal appeals has general mandamus authority including the power to issue a writ of mandamus against a court reporter. *See Padieu v. Court of Appeals of Texas, Fifth Dist.*, 392 S.W.3d 115, 116 (Tex. Crim. App. 2013) (per curiam). This Court does not have jurisdiction to issue writs of mandamus against a court reporter unless it is necessary to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (authorizing court of appeals to issue writs of mandamus against district and county judges within appellate court's geographic

jurisdiction or when necessary to enforce appellate court's jurisdiction). Relator has no appeal pending in this Court and, therefore, our jurisdiction is not in jeopardy.

Although relator states in his petition that he filed a motion to compel the court reporter to provide the cost estimate, and the trial court has not ruled on that motion, relator does not seek a writ of mandamus directing the trial court to act. Rather, his petition for writ of mandamus is directed only at the court reporter. We, therefore, decline to construe his petition as a request for a writ of mandamus directing the trial court to rule on the motion to compel.

Moreover, to be entitled to mandamus relief compelling a trial court to rule on a motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion because the motion was properly filed and timely presented, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable period of time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Here, relator has not provided the Court with a sworn or certified copy of the motion to compel, nor has he provided proof that he has brought the motion to compel to the trial court's attention and the trial court has failed to rule within a reasonable time. Relator's record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established that the trial court violated a ministerial duty and would not be entitled to mandamus relief against the trial court under this record.

Accordingly, we dismiss relator's petition for writ of mandamus.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


190524F.P05