**DENIED and Opinion Filed October 8, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00981-CV

### IN RE JESSE CELEDON GAMBOA, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F86-78614-HV**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

In this original proceeding, relator has filed a petition for writ of mandamus contending the trial court has not ruled on his motion for clarification or entry of a judgment and sentence nunc pro tunc allegedly filed on June 4, 2018. We deny the petition.

When seeking mandamus relief, the relator's petition must contain a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition bears an inmate declaration stating "according to my belief, that the foregoing is true and correct and submitted in good faith." Thus, relator's certification does not comply with the rules of appellate procedure. *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Furthermore, to establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*,

391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 758–59.

Relator attaches a copy of the motion at issue to his petition. The motion, however, is not a certified or sworn copy and does not bear a file mark. Relator also attaches copies of correspondence back and forth between himself and the district clerk. None of the letters are certified or sworn copies and only two of relator's letters bear file marks. Relator does not include a certified or sworn copy of the trial court's docket sheet. Without an authenticated record documenting the complaint, relator cannot establish he filed the motion, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's request within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a); *Carter*, 2018 WL 1417409, at *1.

On the record presented, we conclude relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus without prejudice to relator filing a petition with an adequate authenticated record as

required by the rules of appellate procedure. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Lana Myers/
_____
LANA MYERS
JUSTICE

190981F.P05