**DENIED and Opinion Filed October 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00708-CV

## IN RE JEROME JOHNSON, Relator

**Original Proceeding from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

In this original proceeding, relator petitions for a writ of mandamus to compel the trial court to rule on his "Motion of Nunc Pro Tunc, For Correction of the Reporter's and Clerk's Records" ("the motion") in which he asks the trial court to investigate his claims that the clerk's and reporter's records from his 2003 trial did not accurately reflect the proceedings. A copy of the motion is attached as "Appendix # 1" to relator's mandamus petition.

After receiving relator's mandamus petition, the Court requested a response from the State as real party in interest. In its response, the State contends there is no evidence relator actually filed the motion. The State points out that Appendix # 1 bears no file mark to indicate whether or when it was filed. Although relator initially states in his petition that he filed the motion on or about March 22, 2018, he also states in the petition that he is attaching a "certified stamped copy of the trial court's [receipt] of the motion filed on or about" February 22, 2019. In fact, there are no certified documents attached to the petition nor is there any document bearing a file stamp of

February 22, 2019. The State also observes the certificate of service on the motion reflects relator certified he mailed the motion on May 15, 2018. An affidavit accompanying the motion states it was executed on May 22, 2018. We also note that in the "List of Appendix's" relator attaches to his petition, he describes the motion attached as Appendix # 1 as "The Original Motion for Judgment of Nunc Pro Tunc that was [received] by the court on May 5th, 2018."

Relator has attached a portion of the trial court's docket sheet as Appendix # 8 to his mandamus petition. The docket sheet excerpt lists filings in relator's case between July 31, 2001 and May 16, 2018. The trial court's docket sheet indicates relator filed on May 4, 2018, a document labeled as document type "Defendant Correspondence" with a marginal comment indicating "Pro Se Motion of Nunc Pro Tunc." The State contends this "motion" is actually relator's second inquiry letter requesting action on the motion. The State points out that the second inquiry letter is attached to relator's petition as Appendix # 3 and it bears a file stamp of May 4, 2018. The State represents it has been unable to find the motion among relator's numerous filings with the trial court. The State represents it did find another motion nunc pro tunc, filed on March 12, 2019, but the motion nunc pro tunc the State found seeks different relief from the one relator has attached to his petition.[1] Thus, the State contends, relator has not shown he filed the motion.

The portion of the trial court's docket sheet relator has submitted as Appendix # 8 shows that during the relevant period relator contends the motion was filed, the clerk filed in correspondence from relator on March 15, 2018, May 4, 2018, May 14, 2018, and May 16, 2018. Given the conflicting dates relator provides for the filing of the motion, and the file mark showing the May 4, 2018 filing was actually relator's second letter of inquiry rather than the motion itself,

---

[1] Although not an official source, the Court has reviewed the trial court's online docket information and could not locate the motion. The court did find a motion for judgment nunc pro tunc filed on March 12, 2019, but, as the State has represented, that motion is not the motion relator complains that the trial court has not considered.

there is no filing with the trial court that fits the chronology relator has asserted for the filing of the motion.

To establish a right to mandamus relief, the relator must show that the trial court has not performed a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

We conclude relator has not shown he ever filed the motion. Because the record does not show relator ever filed the motion, we cannot conclude the trial court has a legal duty to rule upon it. *See Carter*, 2018 WL 1417409, at *1. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190708F.P05

–3–