# NO. 12-20-00044-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOE MARLIN GILMER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Jo Marlin Gilmer, acting pro se, filed this original proceeding to complain of Respondent's failure to take action on his claim and demand for accounting, his request for issuance of service and process or request for a hearing as to his original petition for contest, and his request for a temporary restraining order.[1] We deny the writ.

According to the exhibits attached to Relator's petition for writ of mandamus, the last will and testament of Billie Lawler was filed on September 27, 2019. The will states that Relator is Lawler's only child and devises $50,000 in trust to Donna Jacks for Relator, which is to be delivered to Relator once the criminal charges against him are settled and he is released from incarceration. The will further provides, "If any beneficiary under this Will shall in any manner contest or attack this Will or any of its provisions, any share or interest in my estate given to such contesting beneficiary under this Will is hereby revoked and shall be disposed of as part of the residue of my estate."

On November 26, Relator wrote a letter the Van Zandt County Clerk to request filing and service of his original petition of contest. And on November 27, Relator wrote a letter to an attorney, and copied the County Clerk, asserting a claim in the Estate and a demand for an accounting. In a December 6 letter to Respondent's court coordinator, portions of which are

---

[1] Respondent is the Honorable Joshua Wintters, Judge of the County Court at Law in Van Zandt County, Texas. The Real Party in Interest is the Estate of Billie Lawler.

illegible, Relator appears to request a hearing. On December 23, Relator wrote a letter to the County Clerk, on which he purportedly copied Respondent, to inquire about the receipt, filing, and processing of his petition of contest. On January 2, 2020, Relator wrote a letter to the County Clerk to request filing of his petition for temporary restraining order and presentment to Respondent. Relator wrote a letter to Respondent, dated January 20, in which he informed Respondent that he filed a petition for temporary restraining order and a petition for contest, and requested both service and a hearing. Relator requested action on his petitions and requests for service and a hearing. In an electronic message, dated January 30, Relator's friend informed him that Respondent had not signed anything he sent, "everything has been entered," and "she," presumably the County Clerk, cannot serve the documents or set any dates until Respondent acknowledged/signed the documents. On February 3, Relator wrote a letter to Respondent to complain of the failure to issue service and schedule a hearing. Aside from the last will and testament, none of Relator's exhibits are file marked.

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, it is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding) .

Here, there is no indication that Respondent actually received the letters addressed to him or on which he was copied, or the letter addressed to the court coordinator. *See In re Taylor*, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[ ]"). Even if the letters were received by Respondent, the December 6 letter to the court coordinator is the earliest point at which Relator's mandamus exhibits could be construed as attempting to bring the matters at issue to Respondent's attention. Assuming

Respondent received notice of Relator's petitions and requests for issuance of service and a hearing, and has not yet ruled, he has a reasonable time in which to rule once the matters are called to his attention. *See* **Thomas**, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." **Chavez**, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." **Id**. at 228–29.

Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See* **id**. at 229. Therefore, assuming that Relator's petitions and requests were brought to Respondent's attention, we cannot say that a reasonable time for ruling has passed. *See* **id**. at 228–29; *see also* **In re Halley**, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, no pet.) (mem. op., not designated for publication) (six month delay not unreasonable length of time for motion to remain pending). Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief. We **deny** Relator's petition for writ of mandamus.

Opinion delivered February 19, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 19, 2020**

**NO. 12-20-00044-CV**

**JOE MARLIN GILMER,**
Relator
V.

**HON. JOSHUA WINTTERS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-20-00044-CV and a party to trial court cause number 15425, pending on the docket of the County Court at Law of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on February 12, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ

should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*