

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00129-CR

**IN RE** Mariel **FIGUEROA**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: March 5, 2025

EMERGENCY MOTION TO STAY PROCEEDINGS DENIED; PETITION FOR WRIT OF MANDAMUS DENIED

On February 25, 2025, relator filed an emergency motion requesting a temporary stay of the trial proceedings in the underlying trial court cause number. On February 26, 2025, relator filed a petition seeking a writ of mandamus ordering the trial court to rule on the merits of relator's motion to dismiss for failure to provide a speedy trial.

To be entitled to mandamus relief, the relator must show that (1) she has no adequate remedy at law to redress her alleged harm, and (2) what she seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525

---

[1]This proceeding arises out of Cause No. 700903, styled *State of Texas v. Mariel Figueroa*, pending in the County Court at Law No. 12, Bexar County, Texas, the Honorable Yolanda T. Huff presiding.

S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *In re Molina*, 94 SW.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). However, in order for a relator to be entitled to mandamus relief based on the trial court's failure to rule on a pending motion, the record must show (1) the motion was filed and brought to the attention of the trial court for a ruling, and (2) the trial court has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish her right to mandamus relief. *See id*. at 73-74; TEX. R. APP. P. 52.7(a); 52.3(k)(1)(A).

Here, the limited record before us shows relator did not file her motion to dismiss for failure to provide a speedy trial until February 24, 2025, which was the day before trial. Relator states in her petition that on the day of trial, during announcements, she asked the trial court to hold a hearing on her speedy trial motion, and the trial court said the motion would be heard the following day after the jury was selected. Relator also states she objected to the trial court's decision to defer the hearing on her speedy trial motion until the following day. Relator finally states in her petition that she had made previous oral requests for a speedy trial, but the trial court told her any such motion would be heard on the day of trial. The mandamus record does not contain the reporter's records from any of these hearings.

Based on this record, we conclude relator has failed to show herself entitled to mandamus relief. Relator's speedy trial motion was not filed until the day before trial, and it was not called to the trial court's attention until the day of trial. Under these circumstances, relator has not established that the trial court's failure to rule on her speedy trial motion was unreasonable.

Accordingly, relator's petition for a writ of mandamus and emergency motion to stay proceedings are denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM