# NO. 12-17-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID SCHLITTLER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

David Schlittler, acting pro se, filed this original proceeding in which he challenges Respondent's failure to rule on his motion for appointment of habeas corpus counsel.[1] We deny the writ.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. The relator must also furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a

---

[1] Respondent is the Honorable Deborah Oakes Evans, Judge of the 87th District Court of Anderson County, Texas. Relator was convicted in the 3rd District Court of Anderson County, over which the Honorable Mark Calhoon presides. It appears that Judge Evans presided over Relator's trial as an assigned judge.

nondiscretionary duty to consider and rule on a motion within a reasonable time. ***In re Thomas***, No. 12–05–00261–CV, 2005 WL 2155244, at \*1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See **In re Chavez***, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See **id***.

According to Relator, he mailed his motion for appointment of counsel to the Anderson County District Clerk on November 30, 2016. He contends that he included a cover letter requesting that the motion be filed and brought to Respondent's attention. Relator maintains that he subsequently sent correspondence requesting a hearing and ruling on his motion, but Respondent has yet to act on the motion. To support his contention, Relator provided this Court with (1) a November 29, 2016 letter, including a copy of his motion for appointment of counsel, to the Anderson County District Clerk asking that his motion be filed and placed before the trial court; (2) a December 19, 2016 letter to the Anderson County District Clerk, in which he requested information regarding when Respondent intended to consider his motion; (3) a January 5, 2017 letter to the Anderson County District Clerk that included his "hearing setting notice" and that requested Respondent schedule a hearing on his motion; (4) a February 8, 2017 letter to the Honorable Mark Calhoon, Judge of the 3rd District Court in Anderson County, in which he requested a hearing on his motion; (5) an April 4, 2017 letter to Respondent requesting a date and time for a telephonic hearing on his motion; and (6) a portion of a June 19, 2017 letter to Respondent in which Relator states there has been no hearing on his motion.

We first note that Relator's motion for appointment of counsel is not file-stamped; thus, the record does not indicate if or when the motion was filed with the district clerk. Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that the trial court has not ruled on his motion. *See **In re Creag***, No. 12-17-00191-CV, 2017 WL 2665987, at \*1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also **In re Vasquez***, No. 05-15-00592-CV, 2015 WL 2375504, at \*1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).

Moreover, the November 29, December 19, and January 5 letters to the Anderson County District Clerk are insufficient to establish that Relator's motion was brought to Respondent's

2

attention. *See* ***In re Blakeney***, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling); *see also* ***Chavez***, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Nor does a letter mailed to a different judge, such as Relator's letter to Judge Calhoon, establish that Relator's motion was called to the attention of Respondent. Finally, Relator's April 4 and June 19 letters are not file stamped or certified, and the record does not evidence that the letters were actually received by Respondent. *See* TEX. R. APP. P. 52.3(k)(1)(A); *see also* ***Creag***, 2017 WL 2665987, at *1; ***In re Taylor***, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[]"). Accordingly, under these circumstances, Relator has not shown that his motion was called to Respondent's attention and, thus, he has not established his entitlement to mandamus relief.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered April 4, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 4, 2018

NO. 12-17-00275-CR

**DAVID SCHLITTLER,**
Relator
V.

**HON. DEBORAH OAKES EVANS,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by David Schlittler; who is the relator in Cause No. 30390, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on September 7, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*