# NO. 12-18-00152-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ALFRED EUGENE AISHMAN, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Alfred Eugene Aishman, Jr., acting pro se, filed this original proceeding in which he seeks an order requiring Respondent to rule on his motion for DNA testing and discovery of records.[1] We deny the writ.

## BACKGROUND

Relator states that he was convicted of sexual assault in November 2005. He contends that on three occasions he filed motions for DNA testing and for discovery of records with Respondent. According to Relator, he mailed his most recent motion on March 30, 2018, return receipt requested and the motion was filed on April 2. As mandamus evidence, Relator provides (1) a petition for forensic testing, dated on November 27, 2017, (2) a February 9, 2018 letter from Paige Benner, who Relator claims has been assisting with his case, at the Allred Unit in Iowa Park, Texas to the Smith County District Clerk, in which Benner inquires about the docketing of the November 27 motion, (3) a March 15 letter from the District Clerk to Benner requesting additional information, as the District Clerk could not locate a matching case, (4) a

---

[1] Respondent is the Honorable Christi J. Kennedy, Judge of the 114th District Court in Smith County, Texas. The Real Party in Interest is the State of Texas.

March 28 letter, filed stamped April 2, from Relator to the District Clerk seeking to file a motion for DNA testing and petition for discovery, (5) a motion for discovery and petition for forensic testing, and (6) a return receipt with a delivery date of April 2.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

In this case, the record suggests that Relator's letter and most recent motion for DNA testing were received by the District Clerk on April 2. The letter is file-marked April 2, but there is no file mark on the motion; thus, the record does not indicate if or when the actual motion was filed with the district clerk. Additionally, Relator's correspondence with the District Clerk is insufficient to establish that Relator's motion was brought to Respondent's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Nor does Relator's petition contain evidence, such as a docket sheet,

demonstrating that Respondent has not ruled on his motion. *See **In re Creag***, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also **In re Vasquez***, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).

Even assuming the motion was filed and Respondent received notice of the motion, she still has a reasonable time in which to rule once the matter is called to her attention. *See **In re Thomas***, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." ***Chavez***, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." ***Id***. at 228–29. In this case, Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See **id***. at 229. Therefore, assuming that Relator's motion was brought to Respondent's attention, we cannot say that a reasonable time for ruling has passed. *See **id***. at 228–29. Under these circumstances, Relator has not established that mandamus relief is available for Respondent's failure to rule on his motion for DNA testing and for discovery.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered July 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 18, 2018**

**NO. 12-18-00152-CR**

**ALFRED EUGENE AISHMAN, JR.,**
Relator
V.

**HON. CHRISTI J. KENNEDY,**
Respondent

_____

### ORIGINAL PROCEEDING
_____

ON THIS DAY came to be heard the petition for writ of mandamus filed by Alfred Eugene Aishman, Jr.; who is the relator in Cause No. 114-1136-05-A, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 11, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*