# NO. 12-18-00340-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WILLIE DONNELL BEASLEY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Relator, Willie Donnell Beasley, filed a pro se petition for writ of mandamus, in which he complains that Respondent failed to rule on his petition for reformation of sentence or conduct a hearing thereon.[1] We deny the writ.

### BACKGROUND

According to the record, Relator was convicted of aggravated robbery in 1999 for which he received forty years in prison. In October 2017, Relator filed a petition for reformation of sentence with the Henderson County District Clerk.

Attached to Relator's petition for writ of mandamus are several documents, including (1) a letter, dated July 25, 2016, addressed to Respondent and requesting a ruling on his petition for reformation, (2) a letter, dated December 13, 2016, to the Henderson County District Clerk which states that his petition for reformation is enclosed for filing, (3) an undated letter to Respondent requesting a ruling on various motions, (4) a letter, dated September 10, 2017, to Judge Jack Holland, regarding incorrectly calculated parole eligibility, (5) a letter, dated June 26, 2018, to the "court room clerk" requesting rulings on various motions, (6) letters, dated October 15, 2018, to the Henderson County District Clerk stating that a motion for hearing and an order on his motion are

---

[1] Respondent is the Honorable Dan Moore, Judge of the 173rd District Court in Henderson County, Texas. The State of Texas is the Real Party in Interest.

enclosed and requesting that they be presented to Respondent, and (7) his motion for a hearing, which is not file stamped.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. The relator must also furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

In this case, Relator's correspondence with the District Clerk is insufficient to establish that his petition for reformation or request for a hearing was brought to Respondent's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Nor does a letter mailed to a different judge, such as Relator's letter to Judge Holland, establish that Relator's petition for reformation was called to the attention of Respondent. Finally, Relator's letters to Respondent are not file stamped or certified, and the record does not evidence that the letter was actually received by Respondent. *See* TEX. R. APP. P. 52.3(k)(1)(A); *see also*

2

***Creag***, 2017 WL 2665987, at *1; ***In re Taylor***, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[]").  Additionally, Relator fails to present evidence, such as a docket sheet, demonstrating that Respondent has not ruled on his petition for reformation. *See **In re Creag***, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also **In re Vasquez***, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).  Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus.  All pending motions are ***overruled as moot***.

Opinion delivered March 5, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 5, 2019

NO. 12-18-00340-CR

**WILLIE DONNELL BEASLEY,**
Relator
V.

**HON. DAN MOORE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Willie Donnell Beasley; who is the relator in Cause No. 12-18-00340-CR and the defendant in trial court Cause No. A-9192. Said petition for writ of mandamus having been filed herein on December 10, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*