**DENIED and Opinion Filed October 16, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01104-CV

## IN RE JOSEPH WAYNE HUNTER, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-56295-R**

# MEMORANDUM OPINION
Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

Before the Court are relator's September 11, 2019 motion for leave to file writ of mandamus and his petition for writ of mandamus contending the trial court has not ruled on a motion for forensic DNA testing he alleges he filed on May 20, 2019. We deny as moot the motion and deny the petition.

A motion for leave is not required to file a petition for writ of mandamus in an intermediate appellate court. *See* TEX. R. APP. P. 52.1. Accordingly, relator's petition for writ of mandamus has been filed by the Clerk of the Court making the motion moot.

When seeking mandamus relief, the relator's petition must contain a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition bears a certification stating relator's motion is "true and

correct." Thus, relator's certification does not comply with the rules of appellate procedure. *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Furthermore, to establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 758–59.

Relator attaches two letters to his mandamus petition, but he does not include a certified or sworn copy of the motion for forensic DNA testing nor a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motion, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's request within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). The letters relator attaches to his petition purporting to show he brought the matter to the trial court's attention are not certified or sworn copies and do not bear a file stamp indicating when they were filed with the trial court.

We conclude the mandamus record is insufficient to establish that the motion for forensic DNA testing was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time.  As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

191104F.P05