**Denied and Opinion Filed October 18, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-19-01187-CV
_____

## IN RE CHARLES WOODRING, Relator

**Original Proceeding from the 336th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 051409**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

In this original proceeding, relator has filed a petition for writ of mandamus to compel the

trial court to rule on a purported motion to vacate a void judgment. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has

reviewed the petition and concluded that every factual statement in the petition is supported by

competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition

bears an inmate declaration stating "I, [relator], do hereby declare all facts herein are true and

correct." Thus, relator's certification does not comply with rule 52.3(j). *See id*.; *In re Butler*, 270

S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Furthermore, to establish a right to mandamus relief, relator must show that the trial court

violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391

S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to

mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court

had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 758–59.

Relator has not filed a record with his petition. Instead, relator asks the Court to excuse him from complying with rules 52.3 and 52.7 and to assemble a record on his behalf. Without an authenticated petition and supporting record, relator cannot establish he filed the motion, requested a ruling, and the trial court has failed to act on his request within a reasonable time. *See Carter*, 2018 WL 1417409, at *1. Thus, we conclude relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

191187F.P05

–2–