# NO. 12-19-00337-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *EDWARD W. SMITH,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Edward W. Smith, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on a motion nunc pro tunc.[1] We deny the writ.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261– CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.).

---

[1] Respondent is the Honorable Deborah Oakes Evans, Judge of the 87th District Court in Anderson County, Texas.

However, a trial court cannot be expected to consider a motion not called to its attention. *See **In re Chavez***, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See **id***.

Attached to Relator's appendix is his motion for nunc pro tunc, dated June 24, 2019. The motion, which is not file marked, sought time credits from November 18, 2015 through April 28, 2017, in his Anderson County case.[2] A letter accompanying the motion requested a timely ruling on the motion. Relator subsequently sent a letter, dated July 24, 2019, to the Anderson County District Clerk, in which he requested that his motion be filed and timely ruled upon. He sent another letter, dated August 27, to the District Clerk, again requesting that the motion be filed and timely ruled upon. Neither letter is file marked.

Relator's correspondence with the District Clerk is insufficient to establish that his motion for nunc pro tunc was brought to Respondent's attention. *See **In re Blakeney***, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling); *see also **Chavez***, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). And the record does not evidence that the letters were actually received by Respondent. *See* TEX. R. APP. P. 52.3(k)(1)(A); *see also **In re Taylor***, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[]"). Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that the trial court has not ruled on his motion. *See **In re Creag***, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also **In re Vasquez***, No. 05-15-00592-CV, 2015 WL 2375504 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion). Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.

---

[2] The Texas Court of Criminal Appeals dismissed, without written order, Relator's application for writ of habeas corpus, which sought pretrial jail time credit. *See **Ex parte Smith***, No. WR-88,858-01 (Tex. Crim. App. Sept. 5, 2018).

## <u>DISPOSITION</u>

Because Relator has not shown that he is entitled to mandamus relief, we **deny** Relator's petition for writ of mandamus.

Opinion delivered November 13, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 13, 2019**

**NO. 12-19-00337-CR**

**EDWARD W. SMITH,**
Relator
V.

**HON. DEBORAH OAKES EVANS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Edward W. Smith; who is the relator in appellate cause number 12-19-00337-CR and the defendant in trial court cause number 87CR16-32731, pending on the docket of the 87th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on October 21, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*