# NO. 12-19-00413-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BRIAN ALAN HAYS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Brian Alan Hays, acting pro se, filed this original proceeding to seek an order compelling Respondent to rule on his motion for judgment nunc pro tunc and withdraw a cumulation order that Relator contends is invalid.[1]

### BACKGROUND

In trial court cause number 4736, Relator was convicted of theft on September 21, 2007, and sentenced to eight years in prison. In 2010, Relator was released on mandatory supervision. On August 23, 2011, he was convicted in trial court cause number 5168 of evading arrest or detention and sentenced to twenty years in prison. The record contains a cumulation order that any sentence in cause number 5168 be served consecutively with the term assessed in cause number 4736, and that the sentence in cause number 5168 begin when the sentence in cause number 4736 ceases to operate. Relator appealed his conviction in cause number 5168, but did not challenge the cumulation order. *See* ***Hays v. State***, No. 12-11-00313-CR, 2013 WL 2286044 (Tex. App.—Tyler May 22, 2013, no pet.) (mem. op., not designated for publication). This Court affirmed his conviction. *See* ***id***. In September 2011, the Texas Board of Pardons and Paroles revoked Relator's mandatory supervision in cause number 4736.

---

[1] Respondent is the Honorable Eddie Northcutt, Judge of the 8th District Court in Rains County, Texas. The State of Texas is the Real Party in Interest.

On August 28, 2019, Relator filed a motion for judgment nunc pro tunc, in which he requested that Respondent delete the cumulation order. In response, the State argued that a non-clerical change to the cumulation order could not be made via a judgment nunc pro tunc. The record does not indicate whether Respondent ruled on the motion. This proceeding followed.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## AVAILABILITY OF MANDAMUS

Relator contends that his mandatory supervision in cause number 4736 was not revoked before entry of the cumulation order; thus, there was no sentence to cumulate with cause number 5168, making the cumulation order void. Accordingly, he asks this Court to direct Respondent to rule on his motion for judgment nunc pro tunc and delete the cumulation order.

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

The record before us does not indicate that Relator attempted to bring his motion to Respondent's attention. Although Relator's motion is file marked, "[s]howing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). Nor does the record contain any

2

evidence, such as a docket sheet, demonstrating that the trial court has not ruled on the motion. *See In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).

Even assuming Respondent received notice of the motion and has not yet ruled, he has a reasonable time in which to rule once the matter is called to his attention. *See Thomas*, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *Chavez*, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. at 228–29. In this case, Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See id*. at 229. Therefore, assuming that Relator's motion was brought to Respondent's attention, we cannot say that a reasonable time for ruling has passed. *See id*. at 228–29; *see also In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, no pet.) (mem. op., not designated for publication) (six month delay not unreasonable length of time for motion to remain pending). Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we *deny* Relator's petition for writ of mandamus.

Opinion delivered December 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 31, 2019**

**NO. 12-19-00413-CR**

**BRIAN ALAN HAYS,**
Relator
V.

**HON. EDDIE NORTHCUTT,**
Respondent

ON THIS DAY came to be heard the petition for writ of mandamus filed by Brian Alan Hays; who is the relator in appellate cause number 12-19-00413-CR and was the defendant in trial court cause number 5168, in the 8th Judicial District Court of Rains County, Texas. Said petition for writ of mandamus having been filed herein on December 16, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*