# NOS. 12-20-00203-CR
# 12-20-00204-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *EMMIT BRAGER,* | § | *ORIGINAL PROCEEDINGS* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Emmit Brager, acting pro se, filed these original proceedings seeking writs of mandamus to compel Respondent to withdraw an allegedly void cumulation order and judgment of conviction.[1]

For two reasons, we conclude Relator is not entitled to mandamus relief. First, Relator has not shown that he first requested relief from the trial court. "Mandamus relief is not available to compel an action which has not first been demanded of, and refused by, the trial court." ***In re Marshall***, No. 14-09-00796-CR, 2010 WL 27054, at *2 (Tex. App.—Houston [14th Dist.] Jan. 7, 2010, orig. proceeding) (mem. op., not designated for publication). To obtain a writ of mandamus compelling the trial court to consider and rule on motion, relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *See **In re Molina***, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Here, Relator does not provide this Court with a record to show that he filed any type of motion or other document with Respondent to present the complaints he asserts in these original proceedings, brought any such motion to Respondent's

---

[1] Respondent is the Honorable Mark A. Calhoon, Judge of the 3rd District Court in Anderson County, Texas. The State of Texas is the Real Party in Interest.

attention and requested a hearing or ruling thereon, or that Respondent refused to act on the motion within a reasonable time. *See id.*

Second, Brager was convicted of attempted murder in trial court cause number 20860 and aggravated assault on a correctional officer in trial court cause number 20861, both in 1993. The appropriate method for collaterally attacking a final felony conviction is by a petition for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005). This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under Article 11.07. *See id.* arts. 11.05, 11.07 (West 2005). Only the convicting court and the court of criminal appeals have any role to play in attempts to raise postconviction challenges to final felony convictions. *See In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also In re Colbert*, No. 05-18-00340-CV, 2018 WL 1704149, at *1 (Tex. App.—Dallas Apr. 9, 2018, orig. proceeding) (mem. op.) (no jurisdiction over mandamus proceeding seeking writ directing trial court to vacate cumulation order from final felony conviction); *Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, no pet.) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings).

Accordingly, for these reasons, we ***deny*** Relator's petitions for writ of mandamus.

Opinion delivered September 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 16, 2020

NO. 12-20-00203-CR

**EMMIT BRAGER,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Emmit Brager; who is the relator in appellate cause number 12-20-00203-CR and the defendant in trial court cause number 20861, in the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on August 19, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 16, 2020**

**NO. 12-20-00204-CR**

**EMMIT BRAGER,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Emmit Brager; who is the relator in appellate cause number 12-20-00204-CR and the defendant in trial court cause number 20860, in the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on August 24, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*