**DENIED and Opinion Filed December 17, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00678-CV

## IN RE REGINALD ARLEIGH NOBLE, Relator

**Original Proceeding from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F00-50025-K**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Osborne

Reginald Arleigh Noble petitions the Court for a writ of mandamus to compel the trial court to rule on and grant a motion for judgment nunc pro tunc and to prepare findings of fact and conclusions of law. We deny relief.[1]

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in

---

[1] Relator has also filed two similarly-worded motions seeking permission to file his petition for writ of mandamus. Relator need not seek permission from the Court before filing his petition. *See* TEX. R. APP. P. 52.1. Because the motions are unnecessary, we deny them as moot.

rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). In this case, relator has filed an unsworn declaration stating that he does "declare under penalty of perjury that according to the best of my knowledge and belief, the facts stated in this Application are true and correct." Relator's declaration does not indicate that the statements in the petition are supported by competent evidence in the appendix or record. Thus his certification does not meet the requirement of rule 52.3(j). *See id.*

Moreover, the record relator has filed is not authenticated as the appellate rules require and is insufficient to show he is entitled to mandamus relief. Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

To obtain mandamus relief compelling a trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so. *In re Prado*, 522

S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). The trial court is required to rule on a motion within a reasonable time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Determining whether the trial court has had a reasonable time may involve consideration of criteria such as the trial court's actual knowledge of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id.* at 229.

Although relator has filed a copy of the motion for judgment nunc pro tunc he desires the trial court to rule upon, the motion is not a certified or sworn copy. Moreover, even if we could accept the copy as filed, there is nothing to show the motion was presented to the trial court or that the trial court has had a reasonable opportunity to rule on the motion. Relator represents he filed the motion on July 7, 2021. He filed his mandamus petition on August 6, 2021.

On the record presented, relator cannot show that he filed the motion, requested a ruling, reminded the trial court that the motion was pending, or that the trial court refused to rule on the motion. *See Prado*, 522 S.W.3d at 2. Moreover, relator has not shown the trial court has had a reasonable opportunity to rule on the

motion. *See Molina*, 94 S.W.3d at 886. Thus, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

We deny the petition for writ of mandamus.

210678f.p05

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

–4–