# NOS. 12-22-00028-CR
# 12-22-00029-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: SAMMY RIOS,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

## MEMORANDUM OPINION
## PER CURIAM

Sammy Rios, acting pro se, filed this original proceeding in which he seeks a writ instructing Respondent to either prepare copies of the trial records, the Anderson County District Attorney's work product file, and evidence that was intended to be use at trial and not intended to be used at trial, or to notify him that such documents are available for purchase.[1] On February 10, 2022, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 9.5, 52.3(e), (f), (h) and 52.7. *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. R. APP. P. 52.3 (form and contents of petition); TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided certificates of service, an amended petition, and the record on or before February 24. This deadline expired without a response from Relator.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. The petition must contain certain items, including a statement of jurisdiction, issues presented, and argument. *See* TEX. R. APP. P. 52.3(e), (f), (h). Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a

---

[1] Respondent is the Honorable Mark A. Calhoon, Judge of the 3rd District Court in Anderson County, Texas. The State of Texas is the Real Party in Interest.

relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to relief. [2] *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Additionally, "[i]f a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). To obtain a writ of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

Relator has not shown that his motion requesting documents was brought to Respondent's attention. His motion is dated October 22, 2021, but is not file-stamped; thus, the record does not indicate if or when the document was filed with the district clerk. And a relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding)

---

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *In re Guerrero*, No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).

(trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also **Chavez***, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Relator does not demonstrate any steps taken to ensure that the trial court was afforded or had notice of his motion. *See **Chavez***, 62 S.W.3d at 228. Under these circumstances, Relator has not established his entitlement to mandamus relief. *See **In re Wheeler***, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention).

For the above reasons, we ***deny*** Relator's petition for writ of mandamus.[3] All pending motions are ***overruled as moot***.

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] This Court previously denied a petition for writ of mandamus filed by Relator, in which he sought the same relief sought in the present proceeding, for failure to comply with the appellate rules. *See **In re Rios***, No. 12-21-00190-CR, 2021 WL 5365578 (Tex. App.—Tyler Nov. 17, 2021, orig. proceeding) (mem. op., not designated for publication).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-22-00028-CR**

**SAMMY RIOS,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

---

**ORIGINAL PROCEEDING**

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Sammy Rios; who is the relator in appellate cause number 12-22-00028-CR and the defendant in trial court cause number 24895, formerly pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on February 10, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-22-00029-CR**

**SAMMY RIOS,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Sammy Rios; who is the relator in appellate cause number 12-22-00029-CR and the defendant in trial court cause number 25563, formerly pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on February 10, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*