# NOS. 12-23-00176-CR
# 12-23-00177-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *HECTOR MANUEL TORRES,* | § | *ORIGINAL PROCEEDING* |
| | § | |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Hector Manuel Torres, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion to set aside conviction.[1]

On July 5, 2023, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(a)-(g) and 52.7. *See* TEX. R. APP. P. 52.3 (form and contents of petition); TEX. R. APP. P.52.7 (record).[2] The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition and the record on or before July 27. Relator filed an amended petition but did not provide a record.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. **In re Guerrero**, No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).

proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P.52.7(a). It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at \*2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to relief. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Additionally, "[i]f a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see also In re Ramos*, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (judge was aware of motion for judgment nunc pro tunc approximately five months before appellate court opinion; thus, judge did not rule on motion within reasonable time); *In re Sayyed*, No. 05-20-00195-CV, 2020 WL 6074117, at \*3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (at time of October 2020 opinion, respondent had learned of motion on July 1, 2020; thus, reasonable time for ruling had not passed). To obtain a writ of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

Because Relator failed to provide a record, he cannot show that his motion was brought to Respondent's attention. At best, Relator provides an unfiled marked copy of his motion and a letter requesting a file marked copy of the motion. A relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it. *See In re Blakeney*, 254 S.W.3d

2

659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Relator does not demonstrate any steps taken to ensure that the trial court was afforded or had notice of his motion. *See Chavez*, 62 S.W.3d at 228. Under these circumstances, Relator has not established his entitlement to mandamus relief. *See In re Wheeler*, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention).

Accordingly, we *deny* the petition for writ of mandamus.

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-23-00176-CR**

**HECTOR MANUEL TORRES,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Hector Manuel Torres; who is the relator in appellate cause number 12-23-00176-CR and the defendant in trial court cause number 241-0574-02, formerly pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 5, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2023

NO. 12-23-00177-CR

**HECTOR MANUEL TORRES,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Hector Manuel Torres; who is the relator in appellate cause number 12-23-00177-CR and the defendant in trial court cause number 241-0575-02, formerly pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 5, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*